**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2321

———————

IN RE: MUSHROOM TRANSPORTATION COMPANY;
PENN YORK REALTY COMPANY, INC.; ROBBEY REALTY, INC.;
TRUX ENTERPRISES, INC.; LEAZIT, INC.,

Debtors

JEOFFREY L. BURTCH, TRUSTEE, Trustee in Bankruptcy of
MUSHROOM TRANSPORTATION COMPANY, INC.,
successor to ROBBEY REALTY, INC.,
PENN YORK REALTY COMPANY, INC., and
TRUX ENTERPRISES, INC. and successor to Michael Arnold, former trustee
in bankruptcy for Mushroom Transportation Company, Inc., Robbey Realty, Inc.,
Penn York Realty Company, Inc., and Trux Enterprises, Inc.,

Appellant

v.

JONATHAN H. GANZ; PINCUS, VERLIN, HAHN & REICH, P.C.;
PINCUS, REICH, HAHN, DUBROFF & GANZ, P.C.;
MODELL, PINCUS, HAHN & REICH, P.C.;
PINCUS, VERLIN, BLUESTEIN, HAHN & REICH, P.C.;
ASTOR WEISS & NEWMAN;
RAWLE & HENDERSONL; CONTINENTAL BANK;
ERWIN L. PINCUS; RICHARD L. HAHN; PACE REICH;
JEROME J. VERLIN; ANDREW F. NAPOLI; RONALD BLUESTEIN;
HERMAN P. WEINBERG; DAVID N. BRESSLER; ALLEN B. DUBROFF

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-07-cv-02759)
District Judge: Hon. Eduardo C. Robreno

———————

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2010

Before: FUENTES, ALDISERT, and ROTH, <u>Circuit Judges</u>.

(Opinion Filed: July 27, 2010)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

Jeoffrey Burtch, Bankruptcy Trustee of the Mushroom Transportation Company, Inc. (MTC), and plaintiff in this adversarial proceeding, appeals the Bankruptcy Court's judgment in favor of defendant Pincus, Verlin, Hahn & Reich (PVHR) and the District Court's affirmance. Both courts found PVHR not liable for losses that occurred when its shareholder, Jonathan Ganz, embezzled from the bankruptcy estate while serving as MTC's counsel. We will affirm.

## I. **Background**

Our last opinion in this case contains a full recitation of the facts, *In re Mushroom Transportation Co., Inc.*, 382 F.3d 325 (3d Cir. 2004), so a brief recitation will suffice here.

On June 24, 1985, MTC and related entities filed petitions for reorganization under Chapter 11 of the Bankruptcy Code. MTC initially retained its assets as debtor-in-possession, but within six months, MTC ceased operation and began liquidating assets. During the bankruptcy proceeding, MTC remained

2

under the leadership of Michael C. Arnold and Robert B. Cutaiar, both long-time MTC executives. The Bankruptcy Court appointed Arnold as "Special Liquidation Consultant" and approved Arnold's compensation of $300 per day from the bankruptcy estate. Arnold retained Jonathan Ganz and Ganz's firm, PVHR, as MTC's counsel in the bankruptcy proceeding.[1]

MTC deposited the liquidation proceeds at Continental Bank, one of MTC's largest creditors. The Bankruptcy Court approved repayment of Continental Bank's secured claim from funds on deposit, leaving a balance of approximately $1 million in MTC's escrow account at Continental Bank. At Ganz's request, in July and August 1987, Continental Bank conveyed the escrow balance to the bankruptcy estate by (1) issuing a $200,000 treasurer's check payable to Ganz as debtor's counsel and (2) depositing $766,624,49 into a new MTC escrow account opened by Ganz at Continental Bank. Although PVHR maintained its own escrow accounts for client funds, Ganz opened a separate account because he intended to

---

[1] The Bankruptcy Court explained the association between Arnold and Ganz:

> Both Arnold and Ganz graduated from Villanova Law School. While at law school Arnold met Ganz and even took a bankruptcy class with him. It was Arnold who arranged for Mushroom to engage the Pincus law firm, and Pincus was chosen because of Arnold's association with Ganz and because of the firm's bankruptcy expertise. . . . . Arnold viewed his relationship with Ganz as more than simply attorney-client. However, he had no social relationship with Ganz, at least prior to engaging his firm to represent Mushroom in its bankruptcy case. After the engagement, Arnold and Ganz became friendlier, sharing season baseball tickets.

366 B.R. 414, 418 (Bankr. E.D. Pa. 2007).

3

convert the estate's funds for his personal use and wanted to evade discovery by PVHR. Ganz began embezzling from the estate in 1987.

In 1990, the Bankruptcy Court – still unaware of Ganz's embezzlement – converted the proceeding from Chapter 11 to Chapter 7 and appointed Arnold as Trustee of the bankruptcy estate. In February 1992, the United States Trustee advised Arnold that Ganz had embezzled from other bankruptcy estates. Arnold examined MTC's accounts and discovered that, indeed, funds were missing from the estate. In 1992, Arnold brought this adversarial proceeding against PVHR to recover funds stolen by Ganz, who later pleaded guilty to embezzlement.

In 1994, while this adversarial proceeding was pending, Arnold also began embezzling funds from the MTC bankruptcy estate. Arnold resigned as bankruptcy trustee in 1995 and pleaded guilty to a felony in 1996. Jeoffrey Burtch succeeded Arnold as Trustee and continued this multi-count action against PVHR. Count I asserts a claim for turnover of estate property under 11 U.S.C. §§ 542 and 543. Counts II through VII assert various common law claims.

The principal issue in this case is whether PVHR, which ordinarily would be liable for embezzlement committed by its shareholder, should prevail on affirmative defenses. PVHR contends the turnover claim is barred by laches and the common law claims are barred by statutes of limitations. This adversarial proceeding was filed October 5, 1992, more than four years after the embezzlement began. The applicable dates of accrual are not in dispute, so absent

4

tolling, the Trustee's claims would be barred by laches or the statutes of limitations. The Trustee argues the limitations period should be tolled because Arnold and Cutaiar exercised reasonable diligence in ascertaining the existence of injury to the bankruptcy estate.

The Bankruptcy Court, ruling on the affirmative defenses, granted summary judgment in favor of PVHR because MTC failed to exercise reasonable diligence in uncovering Ganz's embezzlement. The District Court affirmed. On appeal, we partially reversed the grant of summary judgment. There was "no question that Mushroom, acting through its representatives Arnold and Cutaiar, had a fiduciary duty to protect and maximize the estate's assets." 382 F.3d at 339. But whether it was reasonable for Arnold and Cutaiar to relax their "vigilance in overseeing the execution of the duties [they] delegated to Ganz" was a question of fact. *Id.* at 341. We explained that "where the wrongdoing underlying [a] cause[] of action has been perpetrated by a fiduciary to the detriment of its principal, this fact militates strongly against summary judgment on the issue of whether the principal (here Mushroom) exercised reasonable diligence in failing to discover the fiduciary's malfeasance within the applicable statutes of limitations . . . . 'To require a principal to engage in aggressive oversight of its fiduciary's conduct is to deny the very essence of a fiduciary relationship.'" *Id.* at 341-42 (quoting *Rubin Quinn Moss Heaney & Patterson, P.C. v. Kennel*, 832 F. Supp. 922, 935 (E.D. Pa. 1993). We remanded for determination of when the Trustee's duty to investigate

5

arose and issued the following guidance: "We should stress that we do *not* hold here that the existence of a fiduciary, lawyer-client relationship between Ganz and Mushroom, and Ganz's abuse of that relationship, alone preclude judgment as a matter of law in PVHR's and its shareholders' favor." *Id.* at 342-43.

On remand, the Bankruptcy Court held a five-day trial and issued more than 100 pages of factual findings and legal conclusions. The Bankruptcy Court held that PVHR, as counsel to the bankruptcy estate, breached its fiduciary duties and contractual obligations owed to the Trustee. However, the Bankruptcy Court found PVHR was not liable for turnover because the "funds misappropriated by Ganz were never channeled through the law firm escrow account, but were transferred directly by Continental Bank to bank accounts titled in Ganz's name alone." 366 B.R. 414, 439 (Bankr. E.D. Pa. 2007). The Bankruptcy Court enforced the statute of limitations on the Trustee's common law claims because Arnold and Cutaiar failed to exercise reasonable diligence as fiduciaries representing MTC's interests. The Bankruptcy Court held that Arnold, in particular, acted unreasonably:

> Although Arnold testified that he communicated with Ganz
> "numerous times" about the Mushroom assets, beginning in 1987, 1
> N.T. at 57, such testimony to the extent it implies that Arnold was
> attentive to or interested in the protection of Mushroom assets for the
> benefit of its creditors is not credible. There is no written
> communication after February 1988. Arnold was working full-time
> for a New Jersey firm and later for a Pittsburgh company beginning
> in 1987. He never sought any bank account or interest statements, or
> other corroborative or relevant tax information. Although Ganz
> provided a written reply to Arnold's accounting request in February

6

1987, he did not do so with a similar request in February 1988, and Arnold did not press him for information. Arnold expressed no concern about the assets after Ganz joined another firm. And even after he became trustee in February 1991, and was not represented by the Pincus firm, and after he received information from the United States trustee about his duty to obtain control of estate property, he never sought any information or attempted to collect the assets from Ganz or Pincus. He attempted no recovery after the substantive consolidation order was entered. And, as trustee, he also embezzled estate property.

366 B.R. at 434. The District Court affirmed. The Trustee appeals both findings and requests reassignment to a different bankruptcy judge on remand.

## II. Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. § 158 over the appeal from the Bankruptcy Court, which had jurisdiction pursuant to 28 U.S.C. § 157(b). We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 158(d). The District Court's determinations are subject to plenary review. *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 282-83 (3d Cir. 2002). The Bankruptcy Court's factual determinations are reviewed for clear error and its legal determinations are reviewed *de novo. Id.*

The Trustee argues (1) the Trustee is entitled to turnover of assets embezzled by Ganz and (2) the statute of limitations should be tolled because Arnold and Cutaiar acted reasonably in relying on advice of counsel. Both arguments challenge factual findings without any demonstration of how those findings were clearly erroneous. We have reviewed the record and find no error of fact or law.

7

The turnover claim is without merit because the Bankruptcy Court found the funds embezzled by Ganz were not channeled through PVHR's accounts. There was no property for PVHR to turnover because Ganz converted the funds from Continental Bank to a separate account under his control and not the firm's.

The evidence adduced at trial supports the Bankruptcy Court's finding that Arnold completely abdicated his responsibility to preserve and protect the bankruptcy estate's assets, partly because of his friendly relationship with Ganz. After learning that Ganz had embezzled from the bankruptcy estate, Arnold then proceeded to pilfer the bankruptcy estate as well. It is clear that Arnold did not act with reasonable diligence to ascertain the existence of an injury, so the Trustee is not entitled to tolling of the limitations period.

## III. **Conclusion**

For the reasons stated above, we will affirm the judgments of the Bankruptcy Court and District Court. The request for reassignment is moot.